# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 12-0024** (Harrison County No. 10-F-129-3)

**Jeffrey K. Taylor,**
**Defendant Below, Petitioner**

**FILED**

**May 21, 2013**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

This case is before the Court upon an appeal of the Petitioner Jeffrey K. Taylor, by counsel Brandon J. Kupec, from the December 7, 2010, sentencing order entered by the Circuit Court of Harrison County, West Virginia. The Petitioner was sentenced to life imprisonment without mercy after pleading guilty to felony murder. The Petitioner argues that the circuit court erred: 1) in failing to assess and determine the Petitioner's individual actions; 2) in making a determination without the benefit of any evidence presented that a trier of fact may have considered to impose sentencing; and 3) in failing to follow the recommendation of the parties without just cause. The State, by counsel Patrick Morrisey and Benjamin F. Yancey, III, filed a summary response.

Having carefully reviewed the record, the parties' briefs and arguments, the applicable precedent, and the relevant standard of review, the Court finds that this case presents no new or significant questions of law. Thus, the Court disposes of the case through a memorandum decision as contemplated under Rule 21 of the West Virginia Rules of Appellate Procedure.

On October 25, 2009, the Petitioner and two co-defendants[1] drove to the home of Terry and Kim Lewis for the purpose of stealing money and other valuable items from the Lewis family home. Upon arriving at the Lewis residence, the Petitioner and one of the co-defendants entered the home wearing bandannas. The other co-defendant remained in the car. Once inside the home, the Petitioner and his co-defendant disabled the phone lines,

---

[1]The two co-defendants, Alexander Calvin Bosley and Cindy Allman, are not the subject of the instant appeal.

obtained knives from the kitchen and began searching through the house for money and other valuables. The Petitioner and his co-defendant encountered Mr. Lewis, his wife and their eight-year-old grandson. During this confrontation, the Petitioner stabbed Mr. Lewis in the neck and his co-defendant stabbed Mr. Lewis in the chest, killing him in front of his wife and grandchild. The Petitioner and his co-defendants fled the scene and were later arrested.

In May, 2010, the Petitioner and his co-defendants were indicted by a grand jury. The Petitioner was charged with one count of felony murder for the killing of Mr. Lewis during the commission of a burglary and one count of conspiracy to commit burglary.

On July 7, 2010, the Petitioner entered into a plea agreement with the prosecution. The Petitioner agreed to plead guilty to felony murder and, in exchange, the State agreed to move to dismiss the conspiracy count against the Petitioner with prejudice. The Petitioner agreed to cooperate with the State in the prosecution of his two co-defendants. It was further stipulated in the agreement that the State and the Petitioner would jointly recommend to the circuit court that the Petitioner be sentenced to life in prison with mercy.

On that same date, July 7, 2010, a plea hearing took place. The circuit court fully explained to the Petitioner the nature of his felony murder charge, including the statutory sentence of life in prison. The circuit court told the Petitioner that if he pled guilty to felony murder it was within the court's discretion as to whether he would be granted mercy and, therefore, be eligible for parole after fifteen years. The circuit court further explained that even though mercy was being recommended by both the Petitioner and the State, there was no guarantee that the court would grant mercy to the Petitioner. The circuit court told the Petitioner that if he did not get mercy, the Petitioner could not withdraw his plea. The Petitioner repeatedly acknowledged that he understood the conditions and ramifications of his guilty plea. After an extensive inquiry of the Petitioner by the circuit court, the Petitioner knowingly and voluntarily pled guilty to felony murder.

On October 28, 2010, the circuit court held a sentencing hearing for the Petitioner and his co-defendants, all of whom entered guilty pleas to charges of felony murder. The circuit court considered the presentence investigation reports, the victim impact statements, the testimony of the victim's wife, sisters, daughters and ex-wife, as well as a letter from the Petitioner. The Petitioner was also given an opportunity to present evidence and an opportunity to speak on his own behalf in mitigation of punishment prior to sentencing, but the Petitioner declined both. At the conclusion of the hearing, the circuit

2

court sentenced the Petitioner to life imprisonment without mercy.[2] This appeal of the sentence imposed by the circuit court followed.

This Court has held that "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997); Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)" Syl. Pt. 1, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010).

The Petitioner first argues that the circuit court erred in failing to assess and determine his individual actions, because the circuit court sentenced him and his co-defendants at the same sentencing hearing. The Petitioner, relying upon the provisions of West Virginia Code § 62-3-15 (2010), which sets forth the verdict and sentence in murder cases, argues that by failing to individually consider his history and "proclivity towards rehabilitation" the circuit court denied him due process rights. The Petitioner also argues that the circuit court's actions violate "the intent of the West Virginia Code Section 62-3-15 to allow a jury to weigh and determine a recommendation of mercy."

Pursuant to the provisions of West Virginia Code § 62-3-15, "if the accused pleads guilty of murder of the first degree, the court *may*, *in its discretion*, provide that such person shall be eligible for parole. . . ." *Id*. (emphasis added). The statute expressly provides that if the Petitioner pleads guilty he loses the right to have a jury determine mercy. The record demonstrates that the circuit court explained this to the Petitioner fully before he entered his guilty plea. Further, although there is nothing in the provisions of West Virginia Code § 62-3-15 that requires the circuit court to consider the Petitioner's individual actions apart from his co-defendants, the record indicates that the circuit court did consider the Petitioner's actions and mitigating circumstances including his age, lack of significant criminal history, agreement to cooperate with the State and his "questionable acceptance" of responsibility. The circuit court likewise considered the grievous nature of the felony murder the Petitioner committed, including the life-long, damaging impact the Petitioner's conduct had on the victims. The circuit court did not err in the manner in which it conducted the sentencing hearing.

---

[2]The Petitioner's co-defendants also were sentenced to life in prison without mercy.

The Petitioner also argues that circuit court "made a determination without the benefit of any evidence presented upon which a trier of fact may have considered to impose sentencing." The Petitioner has no basis in fact for this argument as it is wholly unsupported by the record. At the sentencing hearing there was ample evidence presented to the Court upon which it could base its sentence. The circuit court considered statements by the Petitioner and his co-defendants, statements by the Petitioner's counsel and the State, as well as impact statements and testimony from the victims. Additionally, on two separate occasions during the hearing the Petitioner was given an opportunity to present evidence and to make a mitigating statement, but he declined to do so.

The Petitioner argues that the circuit court failed to follow the parties' recommendation of mercy without just cause to deviate from that recommendation. As previously stated, the decision to grant mercy after a guilty plea is within the discretion of the circuit court. *See* W. Va. Code § 62-3-15. The Petitioner cites no other statute or case law that requires a circuit court to provide "just cause" for deviating from a recommendation of mercy made by the parties.

Significantly, in this case, contrary to the Petitioner's assertions, the circuit court expressly set forth during the sentencing hearing why it was not granting mercy. The circuit court stated:

> The Court is always mindful of the terms of plea agreements. That the plea agreement in this case calls for the State to recommend that the defendants be eligible for parole after having served fifteen years. . . . [T]he determination the Court has to make is whether or not they're eligible for parole.
> . . .
> In this particular case, the facts of this case, a home invasion in the middle of the night to steal someone's property to satisfy one's own needs and desires, and during the course thereof the homeowner is killed in front of his wife and young . . . grandchild. Those facts would cry out for a jury in hearing this case not to grant any mercy to the defendants.
> The family in this particular case is going to have to live and relive those seconds of terror every day of the rest of their lives. There's no way around that.

The circuit court then discussed the mitigating factors for all of the defendants, including the Petitioner, concluding that the aggravating circumstances of this violent home invasion in which the homeowner lost his life far outweighed any mitigating factors offered by the

4

Petitioner.  The circuit court, therefore, did not abuse its discretion in rejecting the parties' recommendation of mercy and sentencing the Petitioner to life without mercy.

For the foregoing reasons, we find no error in the circuit court's decision and the decision is hereby affirmed.

Affirmed.

**ISSUED**:  May 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II